## Same Case on a Re-hearing.

**Lea J.** In this case the only question is, whether the judgment for a separation of property obtained by the plaintiff against her husband is valid or not. It is to be remarked, that the wife is not seeking to enforce any moneyed claim upon her husband's property adversely to his creditors; if this were the case, it would be incumbent upon her to establish affirmatively the validity of such claim. But the question presented is one of title. Does the property seized in execution belong to the plaintiff, as her separate property, or not? If the judgment of separation is valid, it is her property, for it has been acquired by her in her own name and upon her personal credit, since the date of the judgment. Every one of the witnesses who knew the plaintiff prior to her marriage with *Rose*, testifies to the fact that she had a separate industry. She kept a clothing store. Now, it matters not whether her husband took possession of this store or not, it is equally immaterial whether she had or had not property at the time of her marriage, so far as this liquidation is concerned, as she is not seeking to enforce a paraphernal claim; it is sufficient for a married woman to prove that she had the skill and industry to earn a separate livelihood, which she had exercised, whether as a seamstress, teacher, milliner, or, (as in the case at bar,) a shopkeeper, is not material: she is entitled, under the humane spirit of our jurisprudence, upon proof of this fact accompanied by proof of the insolvent condition of her husband's affairs, to call upon the court, by a judgment of separation, to protect the fruits and earnings of her separate industry from being squandered by her husband, or seized by his creditors   See *Davock* v. *Darcy*, 2 Rob., page 343.

Re-hearing refused.